IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KELLY JONES,**
    Plaintiff,

v.                                               Civil Action No. **3:23CV249 (RCY)**

**DIRECTOR,** *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Kelly Jones, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to *Bivens*.[1] By Memorandum Order entered on September 6, 2024, the Court denied Jones's request to amend/supplement his Amended Complaint because Jones's "Proposed Supplemental Amended Complaint does not contain all of Plaintiff's allegations and claims. It is merely an amendment of allegations and claims that Plaintiff wishes to add to the Amended Complaint." ECF No. 54, at 1. Additionally, the Court denied Jones's request for an additional fourteen (14) days to respond to the Motion to Dismiss. *Id.* at 2. Nevertheless, the Court stated it would consider any response from Jones received before the Court ruled on the Motion to Dismiss.[2] *Id.*

By Memorandum Opinion and Order entered on September 16, 2024, the Court granted the Motion to Dismiss and dismissed the action for lack of jurisdiction and as legally frivolous because the Court concluded that *Bivens* is not a cognizable remedy for Jones's claims. ECF No. 56, at 11. On October 4, 2024, the Court received Jones's Motion for Clarification and Reconsideration. ECF No. 60. This Motion will be considered a motion under Federal Rule of

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] On September 24, 2024, the United States Postal Service returned the September 6, 2024 Memorandum Order to the Court because Jones had moved. ECF No. 59, at 1.

Civil Procedure 59(e). "Rule 59(e) Motion," ECF No. 60. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Jones apparently seeks relief on the third ground.

In his Rule 59(e) Motion, Jones expresses confusion regarding whether the Court received and ruled on his request to amend/supplement his Amended Complaint and his request for an extension of time. As noted above, the Court ruled on both of these submissions. Further, Jones fails to demonstrate that the Court made a clear error of law in dismissing the action or that vacating the dismissal is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 60) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ RCY  
Roderick C. Young  
United States District Judge

Date: November 25, 2024  
Richmond, Virginia

2